## Sagala v. Tavares

*Robert E. Wayman,* for plaintiff.
*Will J. Schaaf,* for defendant, Tavares.
*T. Warren Jones,* for defendants McLean, Gardner and Hamot.

PFADT, *J.,* July 17, 1981—Defendants, Hamot Medical Center, and Drs. McLean and Gardner, entered a judgment of non pros in this suit which commenced on February 5, 1980 before the Arbitration Panels for Health Care pursuant to the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq.

Plaintiff-estate had originally filed a "notice complaint" with the panel in the form authorized in 37 Pa.Code §171.152. In the proceedings before the panel, defendants filed a praecipe for rule to file a complaint on August 28, 1980 which issued on August 31, 1981. Following the decision in Mattos v. Thompson, 491 Pa. 385, 421 A. 2d 190 (1980), (rendered on September 22, 1980), plaintiff elected to transfer the litigation to the Erie County Court of Common Pleas on November 11, 1980. The transfer was completed on December 9, 1980, and on March 9, 1981, defendants ruled the prothonotary to enter a judgment of non pros for plaintiff's failure to file a complaint. Plaintiff now petitions to open the judgment of non pros, which shall be granted.

Plaintiff's attack has two foci; first, that confusion was engendered by the constitutional attacks on the Health Care Services Malpractice Act which resulted in plaintiff's failure to timely file a complaint. The second approach is that the non pros

judgment entered in Erie County was without the prerequisite rule to file a complaint since this document had been docketed originally in Harrisburg before the panel and not before our local prothonotary. The court rejects both these arguments but will grant the petition to open under the court's inherent power to administer its dockets and control its own judgments.

However, a few words are necessary in the rejection of plaintiff's approaches.

The suggestion that confusion was engendered by Mattos, supra, is not without merit. However, no correlation can be found between the ruling in Mattos and plaintiff's failure to file a complaint. The law suit was transferred to our court at plaintiff's demand, but at no time was there a confusion as to the duty to file a complaint or the place where it should be filed. Furthermore, the time period for the filing of the complaint had already passed before Mattos was announced. Also, before defendant acted, over a month had passed from the date of the eventual transfer of the case to this court. In short, plaintiff has indicated no reasonable uncertainty over matters of law which would substantiate the prolonged failure to file a complaint. This argument must be rejected.

Plaintiff's second argument, which relies upon the "place" at which the original rule was docketed, would spawn pernicious weaknesses in our civil procedure. Clearly, the legislature intended to avoid creating wholly dissimilar procedures when it created the arbitration panel devoted to medical malpractice. The Office of the Administrator for Arbitration Panels for Health Care was granted the authority, at 40 P.S. § 1301.307, " . . . [to] adopt and publish such uniform rules and regulations as may be necessary . . . Such rules and regulations shall

be consistent with the common and statutory law of the Commonwealth, the Pennsylvania Rules of Civil Procedure, and the Pennsylvania rules of evidence."

Further, in Chapter 171, "Rules of Practice and Procedure" of Pa. Code 37, §171.41(a) states: "Prior to the appointment of a chairperson of an arbitration panel, the Administrator will determine *all* questions involving pre-hearing procedures, discovery, and motions . . . " (Emphasis supplied.)

Certainly, the non pros procedure of Pa.R.C.P. 1037(a) is a "pre-hearing procedure" within the meaning of 37 Pa. Code §171.41(a) even though the "prothonotary" is charged with the duty of entering judgment under Rule1037(a). In short, plaintiff could have had no reasonable expectation that a rule to file a complaint had a different meaning simply because it was filed before the Arbitration Panel. Since the case itself was transfered in toto, plaintiff cannot justifiably complain that the non pros was entered in Erie simply because the process was initiated in Harisburg. To permit such a distinction would call into question the filing procedures of all cases subject to transfer either under 37 Pa.Code §171.77 and the Judicial Code, 42 Pa.C.S.A. §5103, as well as those transfers resulting from the Mattos ruling. Certainly the legislature and courts did not contemplate a disruption of proceeding or record as a direct result of the transfer. It follows that defendants made no such procedural error in the manner that the non pros was secured.

However, the court does not therefore conclude that the non pros shall stand. Both parties labored under the assumption that Pa.R.C.P. 1037 was applicable because a "notice complaint" was filed. Rule 1037(a) states: "If an action is not com-

menced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

The court's attention is directed to the word "complaint" in this rule. The rule was originally adopted in 1956 when, as now, the Pennsylvania "fact-pleading" method of civil procedure prevailed. In 1975, when the Health Care Services Malpractice Act was adopted by the legislature, a manner equivalent to the Federal practice procedure of "notice" pleading was clearly contemplated at 40 P.S. §1301.401: "A patient or representative, having a claim for loss or damages resulting from the furnishing of medical services . . . shall file . . a complaint or such other form . . . as prescribed by the rules and regulations adopted by the administrator."

By examining the form created by the administrator and promulgated in 37 Pa. Code §171.152, the court concludes that a complaint within the meaning of Pa.R.C.P. 1037(a) was indeed filed by plaintiff. Unlike the writ of summons in trespass or assumpsit which initiates and action under Pa.R.C.P. 1007(1), the "notice complaint" provides sufficient information for the defendant to know with great certainty the cause of action which has been begun.

Herein, the form states:

"Notice Complaint
"To J. O. Tavares, M.D., M. V. McLean, M.D., W. Gardner, M.D., and Hamot Medical Center
"You are hereby notified that the Plaintiff, Bernice Sagala, Administratrix of the Estate of Steven

J. Sagala, alleges that the Defendants J. O. Tavares, M.D., M. V. McLean, M.D., W. Garnder, M.D., and Hamet Medical Center have committed a tort of breach of contract causing injury or death of Steven J. Sagala resulting from the furnishing of medical services which were or which should have been provided.

"Wherefore, plaintiff requests arbitration of this claim under the Health Care Services Malpractice Act, 40 P.S. § 1301.101, et seq., and a judgment in her favor.

<u>/s/ Robert L. Wayman</u>
Attorneys for Plaintiff"

The filing of the notice complaint with the Arbitration Panels for Health Care informs a defendant that the action arises from the providing of health services, the name of the patient for whom recovery is sought and in a general sense, the violated duty that gives rise to the litigation. The court also notes that plaintiff verified the notice complaint thus attaining a markedly higher degree of formality missing from the writ prodecure. Had the identical information been captioned, paragraphed and otherwise in compliance with the rules governing the formal aspects of a complaint, a prima facie case might well be set out. The court concludes that the notice complaint of 37 Pa. Code § 171.152 is more akin to a complaint than a writ of summons, and, as a result, the non pros judgment entered by the prothonotary shall be opened.

The court recognizes that its action today imbues the notice complaint with a significance that neither litigant attributed to it in their arguments. However, no confusion should result from this ruling that a notice complaint is a complaint within the meaning of Pa.R.C.P. 1037(a). Under Rules

1017 and 1028, defendants may still raise objections to the complaint's sufficiency and plaintiff may yet choose to file a new or amended complaint. The court hazards no opinion on such matters.

## ORDER

And now, July 17, 1981, it is hereby ordered and decreed that plaintiff's petition to open the non pros judgment is granted. The prothonotary is ordered to strike the judgment so entered.